IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARTER COMMUNICATIONS, INC. and )<br>CHARTER COMMUNICATIONS )<br>HOLDING COMPANY, LLC, )<br>)<br>Defendants. ) | C.A. No. 12-1689-GMS<br><br>DEMAND FOR JURY TRIAL |

### ANSWER OF DEFENDANTS
### CHARTER COMMUNICATIONS, INC. AND
### CHARTER COMMUNICATIONS HOLDING COMPANY, LLC

Defendants Charter Communications, Inc. and Charter Communications Holding Company, LLC (collectively, "Charter") answer the Complaint of Plaintiff AIP Acquisition LLC ("AIP") as follows:

### PARTIES

1. Charter lacks knowledge or information sufficient to admit or deny the allegations of paragraph 1 of the Complaint, and, on that basis, denies the same.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. Charter admits that Plaintiff purports to bring a civil action arising under 35 U.S.C. §§ 100 et seq. and in particular 35 U.S.C. § 271. Charter denies the legal

{00718682;v1 }

sufficiency of Plaintiff's claims and allegations, and further denies that Plaintiff has any viable claim.

5. To the extent Plaintiff purports to bring a civil action arising under 35 U.S.C. § 271, Charter admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

6. For the purpose of this action, Charter does not challenge that Charter is subject to personal jurisdiction within this Judicial District.

7. For the purpose of this action, Charter does not challenge the propriety of venue in this Judicial District, but Charter reserves the right to move to transfer or move to change this case to a more convenient forum.

## FACTUAL BACKGROUND

*AIP and the Patents*

8. Charter lacks knowledge or information sufficient to admit or deny the allegations of paragraph 8 of the Complaint, and, on that basis, denies the same.

9. Charter lacks knowledge or information sufficient to admit or deny the allegations of paragraph 9 of the Complaint, and, on that basis, denies the same.

10. Charter lacks knowledge or information sufficient to admit or deny the allegations of paragraph 10 of the Complaint, and, on that basis, denies the same.

11. Charter admits that Alexander Mashinsky is listed as a named inventor on the four patents-in-suit. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint, and on that basis, denies the same.

12. Charter admits that U.S. Patent No. 6,496,579 ("the '579 patent") is titled "Method Of And System For Efficient Use Of Telecommunications Networks" and states on its face that it issued on December 17, 2002. Charter admits that Exhibit A to the Complaint purports to be a copy of the '579 patent. Charter denies the remaining allegations of Paragraph 12 of the Complaint.

13. Charter admits that U.S. Patent No. 6,078,654 ("the '654 patent") is titled "Method Of And System For Efficient Use Of Telecommunications Networks" and states on its face that it issued on June 20, 2000. Charter admits that Exhibit B to the Complaint purports to be a copy of the '654 patent. Charter denies the remaining allegations of Paragraph 13 of the Complaint.

14. Charter admits that U.S. Patent No. 6,188,756 ("the '756 patent") is titled "Efficient Communications Through Networks" and states on its face that it issued on February 13, 2001. Charter admits that Exhibit C to the Complaint purports to be a copy of the '756 patent. Charter denies the remaining allegations of Paragraph 14 of the Complaint.

15. Charter admits that U.S. Patent No. 7,724,879 ("the '879 patent") is titled "Efficient Communication Through Networks" and states on its face that it issued on May 25, 2010. Charter admits that Exhibit D to the Complaint purports to be a copy of the '879 patent. Charter denies the remaining allegations of Paragraph 15 of the Complaint.

16. Charter lacks knowledge or information sufficient to admit or deny the allegations of paragraph 16 of the Complaint, and, on that basis, denies the same.

*Charter's Allegedly Infringing Services*

17. Charter admits that Charter Communications indirectly owns 100% of Charter Holding which through its subsidiaries owns cable systems. Charter admits that Charter Communications controls the affairs of Charter Holding and its limited liability company subsidiaries. Any other allegations of paragraph 17 of the Complaint are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

### CLAIMS FOR RELIEF

**Count I: Infringement of the '579 Patent**

24. Charter incorporates by reference its statement made in Paragraphs 1-23 of this Answer as if fully set forth herein.

25. Denied.

26. Denied.

**Count II: Infringement of the '654 Patent**

27. Charter incorporates by reference its statement made in Paragraphs 1-26 of this Answer as if fully set forth herein.

28. Denied.

29. Denied.

### Count III: Infringement of the '756 Patent

30. Charter incorporates by reference its statement made in Paragraphs 1-29 of this Answer as if fully set forth herein.

31. Denied.

32. Denied.

### Count IV: Infringement of the '879 Patent

33. Charter incorporates by reference its statement made in Paragraphs 1-32 of this Answer as if fully set forth herein.

34. Denied.

35. Denied.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

36. To the extent a response is necessary, Charter denies the legal sufficiency of Plaintiff's claims and allegations, and further denies that Plaintiff has any viable claim.

### PRAYER FOR RELIEF

Charter denies that Plaintiff is entitled to any relief and separately denies each of the allegations in paragraphs (i)-(v) of Plaintiff's Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Charter asserts the following affirmative defenses. Charter does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to controlling law, Plaintiff AIP bears the burden. Charter reserves the right to add further additional defenses (and/or counterclaims) and/or supplement its defenses, including, but not limited to, those related to the

unenforceability of the patent(s)-in-suit based on inequitable conduct, as Charter learns additional facts.

### FIRST DEFENSE (FAILURE TO STATE A CLAIM)

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE (NON-INFRINGEMENT)

2. Charter has not infringed and does not infringe, and has not infringed, any valid claim of the patents-in-suit, directly or indirectly.

### THIRD DEFENSE (INVALIDITY)

3. After a reasonable opportunity for further investigation and discovery, one or more claims of the patents-in-suit will be found to be invalid for failure to satisfy one or more of conditions of patentability of the United States patent laws, including one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE (LACHES)

4. Plaintiff AIP is barred from recovery, either in whole or in part, under the doctrine of laches. On information and belief, Plaintiff unreasonably delayed in bringing suit.

### FIFTH DEFENSE (EQUITABLE BARS)

5. Plaintiff AIP's claims are barred in whole or in part by the doctrine(s) of acquiescence, waiver, estoppel, prosecution laches, and/or other equitable doctrines.

**SIXTH DEFENSE (LICENSE, EXHAUSTION, FAILURE TO MARK)**

6. Plaintiff AIP's claims are barred in whole or in part by one or more of the following: express or implied license; doctrine of patent exhaustion; and failure to plead in compliance with the requirements of 35 U.S.C. § 287(a).

**SEVENTH DEFENSE (LACK OF STANDING)**

7. To the extent that Plaintiff AIP does not (or did not) have legally sufficient rights to the patents-in-suit, AIP lacks standing to bring this lawsuit.

**EIGHTH DEFENSE (STATUTE OF LIMITATIONS)**

8. Plaintiff is barred from recovery, in whole or in part, under the applicable statute of limitations as set forth in 35 U.S.C. § 286.

**PRAYER FOR RELIEF**

WHEREFORE, Charter respectfully requests that the Court enter judgment as follows:

a. Dismissing Plaintiff's Complaint with prejudice and denying Plaintiff and its affiliates all relief in connection therewith;

b. If the facts and circumstances warrant, declaring that this is an exceptional case and awarding Charter its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and decisions; and

c. Awarding Charter such other and further relief as the Court deems just and reasonable under the circumstances.

**JURY DEMAND**

Charter demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| *Of Counsel*:<br><br>Thomas L. Duston<br>Kevin D. Hogg<br>John R. Labbé<br>Benjamin T. Horton<br>Sarah J. Kalemeris<br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 South Wacker Drive<br>Chicago, Illinois 60606-6357<br>(312) 474-6300<br>tduston@marshallip.com<br>khogg@marshallip.com<br>jlabbe@marshallip.com<br>bhorton@marshallip.com<br>skalemeris@marshallip.com<br><br>Dated: February 5, 2013 | ASHBY & GEDDES<br><br>*/s/ Andrew C. Mayo*<br>_____<br>Steven J. Balick (#2114)<br>Lauren E. Maguire (#4261)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Defendants Charter Communications, Inc. and Charter Communications Holding Company, LLC* |